UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Girish Chandra Sahu,

          Plaintiff,

    vs.                     REPORT AND RECOMMENDA-
TION

Michael J. Astrue,
Commissioner of Social
Security,

          Defendant.        Civ. No. 06-5016 (PAM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

The Plaintiff commenced this action, pursuant to Section 205(g) of the Social

Security Act, Title 42 U.S.C. §405(g), seeking a judicial review of the Commissioner's

final decision, which denied his application for Supplemental Security Income ("SSI").

The matter is now before the Court upon the Defendant's Motion to Dismiss.[1]   For

---

[1]The Plaintiff, in his opposition to the Defendant's Motion to Dismiss, argues
that the Defendant, and his counsel, should be subject to sanctions, pursuant to Rule
11(b)(2), Federal Rules of Civil Procedure, because the "Defendant's Motion contains
legal arguments not warranted by the law."  See, Plaintiffs Memorandum, Docket No.
13, at p. 8.   Given that we find the legal arguments presented by the Defendant
(continued...)

these purposes, the Plaintiff has appeared pro se, and the Defendant has appeared by

Lonnie F. Bryan, Assistant United States Attorney.   For reasons which follow, we

recommend that the Defendant's Motion to Dismiss be granted, and that the Plaintiff's

Complaint be dismissed, with prejudice.

## II. Procedural History

In his Complaint, the Plaintiff challenges the "final administrative decision

denying plaintiff's claim dated June 10, 2006, and commenced within the appropriate

time set forth in the Action of Appeals Council on Request for Review, extended twice

by the Appeal Council."   Complaint, at ¶2.   As disclosed in the Exhibits attached to

---

[1](...continued)
meritorious, and recommend that the Defendant's Motion to Dismissal be granted, we find the Plaintiff's request for sanctions lacks merit.

Beyond the substantive flaws in the Plaintiff's Motion, there also appears to be a procedural error in that, by every appearance, he has failed to comply with the twenty-one (21) day "safe harbor" provision of Rule 11.   See, Rule 11(c)(1)(A), Federal Rules of Civil Procedure (A Rule 11 Motion "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion * * * the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected * * *.").   There is no showing, in the Record before us, that the Plaintiff presented the Defendant with timely notice of his intention to seek Rule 11 sanctions, or that he provided the Defendant with the required period of time to correct, or strike, the allegedly erroneous factual contentions.   As such, the Plaintiff's Motion is properly denied on procedural, as well as substantive grounds.

the Plaintiff's original Complaint,[2] an Administrative Law Judge denied the Plaintiff's disability claim on December 19, 2005.  See, Notice of Appeals Council, <u>Complaint</u>, Exh. 1, at p. 1.

Thereafter, the Plaintiff requested an Administrative Review before the Appeals Council which, on June 10, 2006, declined to review the matter further, and advised the Plaintiff that he had sixty (60) days in which to file a civil action, but that he could ask the Appeals Council for an extension of the applicable deadline.  <u>Id.</u> at p. 2.  Thus, the ALJ's determination became the final decision of the Commissioner, and was ripe for judicial review.  See, <u>Steahr v. Apfel</u>, 151 F.3d 1124, 1125 (8ᵗʰ Cir. 1998); <u>Johnson v. Chater</u>, 108 F.3d 942, 943-44 (8ᵗʰ Cir. 1997); <u>20 C.F.R. §1481</u>.

On August 24, 2006, the Appeals Council granted the Plaintiff's request for additional time in which to file a civil action, and provided the Plaintiff with an extension of sixty (60) days from the date that the Plaintiff received the Appeals

---

[2]The Plaintiff has filed an "Amended" Complaint, see, <u>Docket No. 4</u>, which is nearly identical to the original Complaint, see, <u>Docket No. 1</u>.  The only apparent differences, are the inclusion of the Plaintiff's Social Security Number, as well as the absence of any attached Exhibits.  Compare, <u>Docket No. 1</u>, with <u>Docket No. 4</u>.  Given that the Plaintiff's Memorandum in Opposition to the Defendant's Motion to Dismiss, and the "Amended" Complaint, continually make references to the Exhibits attached to the original Complaint, we presume that the Plaintiff's "Amended" Complaint was filed merely to include the Plaintiff's Social Security number.

Council's decision.  See, <u>Complaint</u>, Exh. 2.  The Plaintiff was advised that "[w]e assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  <u>Id.</u>

The Plaintiff filed a second request for additional time in which to file a civil action.  See, <u>Complaint</u>, Exh. 3.  The Appeals Council's Notice -- dated November 14, 2006 -- which granted a second extension, provided, in relevant part, as follows:

> The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you receive this letter.  We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

<u>Id.</u>

The Appeals Council's letter is postmarked November 16, 2006.  See, <u>Complaint</u>, Exh. 5; <u>Plaintiff's Memorandum in Opposition to Motion to Dismiss</u>, <u>Docket No. 13</u>, at p. 2.

On December 14, 2006, the Plaintiff made a third request for an extension of time to file a civil action.  See, <u>Complaint</u>, Ex. 4.  Prior to receiving any decision on his third request, the Plaintiff commenced this action on December 21, 2006.  See, <u>Complaint.</u>  On January 16, 2007, the Plaintiff's third request for an extension was denied by the Appeals Council.  See, <u>Declaration of Earnest Baskerville</u> ("<u>Baskerville</u>

Dec."), Docket No. 9, at ¶3(h); Ex. 8.  The Defendant moves to dismiss the Plaintiff's Complaint as untimely.

### III.  Discussion

A.     Standard of Review.  "In ruling on a motion to dismiss a complaint for failure to state a claim on which relief can be granted, a court must accept the complaint's factual allegations as true and construe them in a light most favorable to the plaintiff."  Doe v. Cassel, 403 F.3d 986, 987 (8th Cir. 2005), citing Midwestern Mach., Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir. 1999); see also, Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief."  Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001), citing Breedlove v. Earthgrains Baking Companies, Inc., 140 F.3d 797, 799 (8th Cir. 1998); see also, Maki v. Allete, supra at 742; Helleloid v. Independent School Dist. No. 361, 149 F. Supp.2d 863, 866-67 (D. Minn. 2001).

"Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  Young v. City of St. Charles,

supra at 627, citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions."  Id., citing Springdale Educ. Ass'n v. Springdale Sch. Dist., supra at 651.

A Motion to Dismiss can be converted to a Rule 56 Motion for Summary Judgment if "matters outside the pleadings are presented to and not excluded by the court."  Rule 12(b), Federal Rules of Civil Procedure.  However, a Court may consider some information, which is not contained within the Complaint -- such as materials that are part of the public record, materials that are necessarily embraced by the pleadings, and documents attached to the Complaint as exhibits -- without transforming the Motion into one for Summary Judgment.  See, Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006), citing Rule 10(c), Federal Rules of Civil Procedure ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); see also, Surgical Synergies, Inc. v. Genessee Associates, Inc., 432 F.3d 870, 873, n. 3 (8th Cir. 2005), citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); Enervations, Inc. v. Minnesota Mining and Manufacturing Co., 380 F.3d 1066, 1069 (8th Cir. 2004); Mattes v. ABC Plastics, 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

Here, on the issues presented, both parties rely upon the documents that the Plaintiff attached to his Complaint, and therefore, our consideration of those documents does not convert the Defendant's Motion into one for Summary Judgment. See, Quinn v. Ocwen Federal Bank FSB, supra at 1245 ("Further, written instruments attached to the complaint become part of it for all purposes," citing Rule 10(c), Federal Rules of Civil Procedure, and, "[f]or that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint."), quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 921 (8th Cir. 2001); Surgical Synergies, Inc. v. Genessee Associates, Inc., supra at 873 n. 3.

B.      Legal Analysis.   The Defendant's Motion is brought pursuant to the provisions of Title 42 U.S.C. §405(g), which states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party * * * may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."[3]   See also, Bess v.

---

[3]The Code of Federal Regulations echoes the 60-day filing requirement in 20 C.F.R. §422.210(c), which states, as follows: "Any civil action * * * must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the
(continued...)

- 7 -

Barnhart, 337 F.3d 988, 989 (8th Cir. 2003).  The 60-day filing period, which is

contained in Title 42 U.S.C. §405(g), is not jurisdictional.  See, Bowen v. City of New

York, 476 U.S. 467, 478 (1986).  Rather, it is a statute of limitations, which

"constitutes a condition on the waiver of sovereign immunity that must be strictly

construed."  Piscopo v. Secretary of Health and Human Services, 27 F.3d 554, 1994

WL 283919 at *3 (1st Cir., June 27 1994)[Table Decision], citing Bowen v. City of

New York, supra; see, Caran v. Bowen, 834 F.2d 720, 721 (8th Cir. 1987)("[T]his

timely filing requirement is not jurisdictional but rather is a statute of limitations and as

such will bar suit unless it is tolled."), citing Bowen v. City of New York, supra.

The Defendant alleges that the Plaintiff failed to file his Complaint within the

thirty (30) days allowed by the terms of the Appeals Council's grant of a second

extension.  The Defendant maintains that the decision of the Appeals Council was

dated November 14, 2006, and was presumed to have been received five days later.

See, Complaint, Ex. 6; 20 C.F.R. §422.210 ("For purposes of this section, the date

of receipt of notice of denial of request for review of the presiding officer's decision

_____

³(...continued)
administrative law judge's decision or notice of the decision by the Appeals Council
is received by the individual, institution, or agency, except that this time may be
extended by the Appeals Council upon a showing of good cause."

or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."); 20 C.F.R. §416.1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.").  By the Defendant's computation, the Plaintiff had until December 19, 2006, to file his Complaint, but failed to do so until December 21, 2006.  As a result, the Defendant requests that the Plaintiff's Complaint be dismissed, with prejudice, as untimely.

The Plaintiff does not dispute that the Appeals Council issued its final decision on November 14, 2006, nor does he offer **any** evidence to rebut the presumption established by the Regulations -- namely, that he received notice of the Appeals Council's decision within five (5) days thereafter.  See, 20 C.F.R. 422.210(c).  The notice he received clearly instructed the Plaintiff that he had thirty (30) days in which to file a civil action, and that it would be presumed that the Plaintiff received that notice five (5) days after the date shown.  See, Complaint, Ex. 3.  The Plaintiff filed a request for an extension of time with the Appeals Council on December 14, 2006, in which he asserted that he was unable to file his Complaint in a timely manner, due to being "sick and incapacitated" for the preceding three (3) months.  See, Complaint, Ex. 4.

- 9 -

However, that request for an extension was subsequently denied, for lack of demonstrable cause shown.  See, Baskerville Dec., Ex. 8.

The crux of the Plaintiff's argument against dismissal is that the postmarked date of the Notice -- namely, November 16, 2006 -- and not the date of the Appeal Council's Notice -- November 14, 2006 -- should establish the starting date for the applicable filing deadline.  Specifically, he argues that the "assumption that the Plaintiff would receive the notice '5 days after the date on it' has an implied expectation that the notice would be mailed on the same day, a common practice causing the date on the notice as the date of mailing," and that "[t]he sole purpose of providing extra 5 days is to compensate for the time lapse in mailing, but not by a delay in the office." Plaintiff's Memorandum, Docket No. 13, at p. 6.

This issue is apparently one of first impression within this Circuit, and our Court of Appeals has expressly left the question open as to when the applicable  period, in which to file a civil action based on the Appeals Council's Notice, begins.  See, Bess v. Barnhart, 337 F.3d 988, 990 n. 2 (8th Cir. 2003)("We expressly do not address the issue whether the more lenient regulation (within sixty days after notice "received by the individual") is contrary to the statute (within sixty days "after the mailing" or such further time as the Commissioner "may allow").  However, the Court has expressly

found "that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the [applicable] limitations period." Id.

Other Courts have similarly found, under nearly identical circumstances, that the "date for filing a Social Security complaint runs from the date that the applicant receives the SSA's denial notice, not the date of mailing." Cook v. Commissioner of Social Security, 480 F.3d 432, 436 (6th Cir. 2007), citing McKentry v. Sec'y of Health and Human Services, 655 F.2d 721, 724 (6th Cir. 1981). In Cook, the plaintiff also argued that the five (5) day period, which the Appeals Council presumes is sufficient for the Order to be received by the applicant, should begin with the date of actual mailing, rather than the date on the Notice itself. Id. There, the Notice of Denial was issued on July 27, 2005, and was postmarked July 28, 2005. The plaintiff averred that he received the Notice sometime in "August of 2005." Id. at 436-37. The Court of Appeals for the Sixth Circuit found that the plaintiff's Affidavit failed to rebut the presumption that the Notice was received within five (5) days of its issuance -- namely, before August 1, 2005, and affirmed the District Court's denial of the Complaint, which was filed one (1) day late. Id. at 437.

In Davila v. Barnhart, 2002 WL 484678 (S.D.N.Y., April 1, 2002), a plaintiff similarly could not recall when she received the Notice from the Appeals Council, and

she argued that the District Court should deem the complaint timely filed, based on the postmark on the Receipt of Notice, and that "the five day presumption for receipt of the Notice should be calculated from the date of mailing, not the date printed on the Notice." Id. at *1.  The Court found that, in the absence of some affirmative evidence that the actual receipt occurred outside of the five day period from the date of issuance, the plaintiff failed to rebut the presumption provided by 20 C.F.R. §422.210(c), and determined that her Complaint was untimely.  Id. at *2, citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2nd Cir. 1984)("Rather than commencing on the date notice of decision is **mailed** to the claimant, the sixty day period starts from the time notice is **received** by the claimant")[emphasis in original].

At least one Court has found that the period can be calculated from the date of actual mailing.  See, McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987).  However, there, the postmark on the Notice of Denial was **seven** days after the issuance date, and accordingly, the reasonable presumption was rebutted by affirmative evidence that the Plaintiff could not have received the Notice within five days of the issuance date of the denial.  Id.  ("[T]he Appeals Council's decision was dated June 13, 1983, and

notice of that decision was mailed on June 20, 1983; thus the government is entitled to a presumption that appellant received the notice on June 25.").

Here, we find that -- as established by our Court of Appeals -- the applicable period begins with the actual receipt of the Notice from the Appeals Council.  See, Bess v. Barnhart, supra at 990.  Accordingly, in the absence of any showing that the Notice was received by the Plaintiff outside of the five (5) day presumption, which is established  by 20 C.F.R. § 422.210(c), and given that the Notice was mailed only two (2) days after the issuance date, we conclude that the Plaintiff's Complaint is untimely. While the Plaintiff argues that the Commissioner's Regulations, which interpret the use of the term "mailing" in Section 405(g), are erroneous, and "discriminate" against him, see, Plaintiff's Memorandum in Opposition, supra at p. 6, we note that 20 C.F.R. § 422.210(c), which provides that receipt is presumed to occur within five (5) days, actually provided the Plaintiff with **additional** time in which to commence his action, that is not expressly provided for in Section 405(g).  Since the Notice was actually mailed on November 16, 2006, the Plaintiff would have only had until December 18, 2006 -- namely, thirty (30) days from the actual mailing date, and the resultant extension to the applicable date because it fell on a weekend -- to file a Complaint, if the Commissioner's interpretation were incorrect.

As was recognized by the Court in <u>Cook v. Commissioner of Social Security</u>, supra at 436:

> Although §405(g) uses the word "mailing," the regulations clarify that the 60-day period begins five days after the date of the denial notice. This regulation is in fact more generous than the statute alone. Most Social Security applicants live in areas where postal delivery typically takes less than five days. See U.S. Postal Service First-Class Mail Rates, http:// www. usps. com/ rates/ first- class- mail- rates. html (last visited March 19, 2007)(stating that the usual delivery time for first-class mail is one to three days). Such applicants effectively benefit from an extended grace period before the filing deadline. And those applicants who live in areas of the country with slower postal service can seek an extension of the time for filing by making a "reasonable showing" that they did not receive their notice within the presumptive five-day period. 20 C.F.R. §422.210(c).

<u>Id.</u> at 436.

We agree with the vast majority of the Courts, which have found that the Commissioner's interpretation of the applicable time in which to commence an action, see, 20 C.F.R. §422.210(c), is reasonable, and does not conflict with Section 405(g). See, <u>Cook v. Commissioner of Social Security</u>, supra at 435-36; <u>Davila v. Barnhart</u>, supra at *1-2;  see also, <u>Paige v. Barnhart</u>, 2005 WL 1079526 at *1 (D.N.D., May 4, 2005)("The regulations further provide that receipt of notice of the Appeals Council decision is presumed five days after the date of notice, unless there is a reasonable

- 14 -

showing to the contrary; and that notice sent to the individual's representative has the same force and effect as notice sent to the individual")(citing applicable regulations); Velazquez v. Massanari, 2002 WL 246760 at *1 (D. Neb., February 21, 2002) (applying five (5) day presumption in dismissing plaintiff's Complaint as untimely). Accordingly, since we find that the period, in which the Plaintiff could have timely commenced his action, ended on December 19, 2006, we conclude that the Plaintiff's Complaint is untimely, especially where, as here, the Plaintiff has failed to present any showing that he received the Notice outside of the applicable five (5) days presumed by the Regulations.

Although not expressly argued by the Plaintiff, in view of his pro se status, we also consider whether the limitations period for commencing the action should be equitably tolled. Our tolling analysis begins with a recognition that the Commissioner of Social Security "has exclusive power to grant extensions filed for good cause and the district courts have no such authority." Wiggins v. Sullivan, 1990 WL 29187 at *2 (S.D. Fla., March 15, 1990), citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2nd Cir. 1984). "While the decision whether to extend the period is usually left to the [Commissioner], cases occasionally arise where the equities in favor of tolling are 'so great that deference to the agency's judgment is inappropriate.'" Canales v. Sullivan,

936 F.2d 755, 758 (2nd Cir. 1991), quoting State of New York v. Sullivan, 906 F.2d 910, 917 (2nd Cir. 1990); see, Bowen v. City of New York, supra at 480 (finding that circumstances presented the "rare case" where equitable tolling of the sixty (60) day limitation, established by Section 405(g), is appropriate, when a secret and undisclosed policy deprived the plaintiffs of knowledge that their rights had been violated).

Stated otherwise, "[e]quitable tolling is only appropriate when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990), cert. denied, 498 U.S. 1026 (1991), citing Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989); see also, Williams v. Thomson Corp., 383 F.3d 789, 791 (8th Cir. 2004), cert. denied, 544 U.S. 951 (2005); Hallgren v. United Stated Dept. of Energy, 331 F.3d 588, 590 (8th Cir. 2003). Moreover, the fact that the Plaintiff appears pro se does not, in itself, provide us with cause to equitably toll the statute of limitations.  See, Howard v. Boatmen's National Bank, 230 F.3d 1363 at *1 (8th Cir. 2000)(Table Decision);  Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 905 (8th Cir. 1997); see also, Tran v. Minnesota Dept. of Transportation, 2006 WL 2917037 at *3 (D. Minn., October 11, 2006). Likewise, sympathy for a litigant does not allow us to ignore the procedural requirements that have been established by statute.  See, Schempert v. Harwick Chem.

Corp., 151 F.3d 793, 797-98 (8th Cir. 1998), cert. denied, 525 U.S. 1139 (1999); see also, Tran v. Minnesota Dept. of Transportation, supra at *3.

"Federal courts have limited authority to toll the statute of limitations under the doctrine of equitable tolling." Velez v. Apfel, 229 F.3d 1136 (2nd Cir. 2000)[Table decision], citing State of New York v. Sullivan, supra at 917. "Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent * * * and [e]quitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988); see also, Goff v. Apfel, 2004 WL 1243148 at *3 (E.D.N.Y., March 30, 2004)(finding that equitable tolling has been applied, "where the government engages in some affirmative misconduct, or attempts to enforce some clandestine policy that has a negative impact on claimants," or "where the claimant suffers from a mental impairment and, because of that impairment, does not understand the deadline included in the Commissioner's notice."), citing Bowen v. City of New York, supra at 481; Wong v. Bowen, 854 F.2d 630, 631 (2nd Cir. 1988); Canales v. Sullivan, supra at 758-59. Nevertheless, "[a]llowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would

thoroughly undermine Section 405(g)'s sixty-day limitation period."  Wong v. Bowen, 854 F.2d 630, 631 (2nd Cir. 1988); see also, Goff v. Apfel, supra at *3.

As a result, we must determine whether the principles of equitable tolling are applicable under the particular facts of this case.  As previously noted, the Plaintiff has alleged that he should be entitled to additional time to commence his action, because of poor health.  See, Complaint, Ex. 4.  However, we find that neither of the Plaintiff's presumed bases -- poor health or his pro se status -- individually, or jointly, warrant equitable tolling, particularly where, as here, the Plaintiff has not established a causal connection between his poor health and his untimeliness, and where he has not alleged that he did not understand the process for filing a Complaint, including the applicable deadlines.   See, Turner v. Bowen, supra (illiteracy and lack of representation insufficient to justify equitable tolling); Velez v. Apfel, supra (dismissing untimely Complaint filed by a pro se plaintiff); Wong v. Bowen, supra at 631 (allegations of illness are insufficient to support equitable tolling); Goff v. Apfel, supra at *4-5 (declining to equitably toll the statute of limitations where the plaintiff had a history of mental health problems, but had shown no causal connection between them and the lateness of the Complaint, and where the plaintiff had consistently understood and complied with previous deadlines); Monje v. Shalala, 1995 WL 540028 at *3

(S.D.N.Y., September 11, 1995)(equitable tolling not applicable where the pro se plaintiff had demonstrated his ability to meet deadlines); Collier v. Sullivan, 1991 WL 311905 at *1 (N.D. Cal., October 3, 1991)(equitable tolling was not warranted where the plaintiff's depression and pain were so severe as to prevent the plaintiff from filing a Complaint, contacting the Commissioner, or asking a friend or relative to do so); cf., Barrs v. Sullivan, supra at 122 (upholding implicit rejection of allegation of brain damage to support equitable tolling, where the plaintiff had not established that his mental condition was so deficient as to excuse him from complying with the limitations period); Taylor v. Chater, 945 F. Supp. 1263, 1265-66 (W.D. Mo. 1996)(finding an absence of colorable constitutional issues, where "there [was] no evidence that plaintiff suffered from a mental impairment which would have prevented her from understanding the procedures for requesting judicial review.").

While we recognize that the Plaintiff filed his Complaint only two days after the expiration of the statute of limitations, "'courts have not hesitated to enforce the 60-day period as a firm limit.'" Davila v. Barnhart, 225 F. Supp.2d 337, 340 (S.D. N.Y. 2002)(one (1) day delay), quoting Guinyard v. Apfel, 2000 WL 297165 at *2 (S.D.N.Y., March 22, 2000)(ten (10) day delay), and citing Burkett v. Apfel, 1998 WL 846 753 at *1 (S.D.N.Y., December 4, 1998)(one (1) day delay); Cook v. Com'r of

Social Security, supra (affirming dismissal of Complaint filed one (1) day late); see also, Johnson v. Sullivan, 1990 WL 357237 at *2 (D.N.H., April 2, 1990)("Tardy filing, even if only by one (1) day, is cause enough for the court to be without jurisdiction to review the final decision of the Secretary.")(citations omitted).

Of course, in making our recommendation, we recognize that, to the Plaintiff, we are only engaged in some form of academic exercise, since his lawsuit was untimely by only a matter of two (2) days.  Unfortunately for the Plaintiff's claim, the sad reality is that the necessity to draw hard boundary lines, between timely claims, and those that are untimely, inevitably results in an adverse effect on those individuals who find themselves on the wrong side of a line.   "The Court is satisfied that if the line were drawn in this case to accommodate the claim of the Plaintiff, such a redrafting of the provisions here at issue would surely chafe some other litigant who should find [him]self on the other side of that redrafted line."  Whiteside v. Metropolitan Life Ins. Co., 798 F. Supp. 1380, 1390-91 (D. Minn. 1992).

In sum, the Plaintiff's two-day delay, although brief, is not a legitimate basis upon which to equitably toll the statute of limitations.  This is especially so when the Plaintiff had been afforded **two** (2) previous extensions of time in which to commence

his action by the Appeals Council, and the Appeals Council found "no reason" for a third extension.  See, <u>Baskerville Dec.</u>, Ex. 8.

Therefore, we find that the Plaintiff's Complaint is untimely, and that he has failed to demonstrate any basis for the application of the equitable tolling doctrine. Accordingly, we recommend that the Defendant's Motion to Dismiss be granted, and that the Plaintiff's Complaint be dismissed, with prejudice.

NOW, THEREFORE, It is --

RECOMMENDED:

1.      That the Defendant's Motion to Dismiss [Docket No. 7] be granted.

2.      That the Plaintiff's Complaint [Docket Nos. 1 and 4] be dismissed, with prejudice.

Dated:  May 2, 2007                          s/Raymond  L.  Erickson
                                             Raymond L. Erickson
                                             CHIEF U.S.  MAGISTRATE JUDGE


**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **May 18,**

**2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **May 18, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.