UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Girish Chandra Sahu,                                          Civil No. 06-5016 (PAM/RLE)

                    Plaintiff,

v.                                                           **MEMORANDUM AND ORDER**

Michael J. Astrue,
Commissioner of Social Security,

                    Defendant.

_____

        This matter is before the Court on Plaintiff Girish Chandra Sahu's Objections to
the Report and Recommendation ("R&R") of United States Chief Magistrate Judge
Raymond L. Erickson dated May 2, 2007.  The R&R recommended that the Court
dismiss the Complaint as untimely.  For the reasons that follow, the Court overrules the
Objections, adopts the R&R, and dismisses the Complaint.

**BACKGROUND**

        After an administrative law judge denied Plaintiff's application for disability
benefits under Title XVI of the Social Security Act, Plaintiff requested an administrative
review before the Appeals Council.  The Appeals Council denied the request on June 10,
2006, and advised Plaintiff that he had sixty days from the receipt of the notice to file a
civil action seeking judicial review.

        Thereafter, Plaintiff filed several requests for extensions of time.  The Appeals
Council approved Plaintiff's first request on August 24, 2006 and granted him sixty
additional days to file his civil action. The Appeals Council approved Plaintiff's second

request on November 14, 2006 and provided him another thirty days to file an action. Although the second notice was mailed on November 16, 2006, the notice advised Plaintiff that the Appeals Council assumed that Plaintiff would receive the notice within five days of November 14, 2006, the date identified on the notice.

Plaintiff made a third request for an extension on December 14, 2006. On December 21, 2006, before receiving any decision on his third request, Plaintiff filed the Complaint in this action, seeking judicial review of the denial of benefits.[1] On January 16, 2007, the Appeals Council determined that Plaintiff had not shown good cause for a third extension, and therefore denied the request.

On February 20, 2007, Defendant Michael J. Astrue, the Commissioner of Social Security, moved to dismiss the Complaint. Relying on Federal Rule of Civil Procedure 12(b)(6), Defendant argued that the Complaint failed to state a claim upon which relief could be granted because the Complaint was filed untimely. Chief Magistrate Judge Raymond L. Erickson recommended dismissing the Complaint with prejudice. In his Objections, Plaintiff contends that the Chief Magistrate Judge erred in determining that the Complaint was filed untimely.

---

[1] Plaintiff filed an Amended Complaint on January 4, 2007. The only difference between the original Complaint and the Amended Complaint is that the latter includes Plaintiff's Social Security number.

**DISCUSSION**

**A.      Standard of Review**

The Court must conduct a <u>de novo</u> review of any portion of the Magistrate Judge's opinion to which specific objections are made.  <u>See</u> 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).

To survive Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  The Court accepts all factual allegations as true and liberally construes the complaint in the light most favorable to the plaintiff.  <u>See id.</u> at 1964-65.  Thus, a well-pled complaint may proceed even if it appears "that recovery is very remote and unlikely."  <u>Id.</u> at 1965 (quotation omitted).[2]

**B.      Challenge to Regulations Promulgated under 42 U.S.C. § 405(g)**

Plaintiff contends that regulations promulgated under the Social Security Act, which define the time period in which to file a civil action challenging an agency decision, are invalid because they contradict the text of the Social Security Act.

Because the Appeals Council denied Plaintiff's request for review, the administrative law judge's decision is the final administrative decision.  <u>Browning v. Sullivan</u>, 958 F.2d 817, 822 (8th Cir. 1992); 20 C.F.R. § 404.981.  The Social Security

---

[2] The Court may convert a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment if the Court considers matters outside the pleadings.  However, the Court need not transform the motion if the materials are necessarily embraced by the pleadings or attached as exhibits to the complaint.  <u>See, e.g.</u>, <u>Mattes v. ABC Plastics, Inc.</u>, 323 F.3d 695, 698 n.4 (8th Cir. 2003).  In this case, both parties rely on documents that are attached to the Complaint.

Act establishes a mechanism for judicial review of final administrative decisions:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Because § 405(g) is a statute of limitation, failure to comply with the sixty-day deadline warrants dismissal. See Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003).

Although § 405(g) requires an individual to commence a civil action within sixty days of the mailing of the final administrative decision notice, regulations interpreting § 405(g) provide the individual sixty days from the receipt of the notice. See 20 C.F.R. § 422.210(c); see also 20 C.F.R. § 416.1481 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's decision.").[3] The regulations further provide that receipt of the notice is presumed to occur within five days of the date on the notice, unless the applicant makes a reasonable showing to the contrary. See 20 C.F.R. § 422.210(c); 20 C.F.R. § 416.1401.

Plaintiff argues that the regulations interpreting § 405(g) are invalid because they contravene the statue. He contends that the word "mailing" in § 405(g) must be the date the agency places the notice in an appropriate mail receptacle with proper postage and address. Thus, he submits that the limitations period commenced on November 16, 2006, when the Appeals Council mailed the notice—and not November 16, 2006, the date the

---

[3] The regulation also allows the Appeals Council to extend the deadline upon a showing of good cause. 20 C.F.R. § 422.210(c).

Appeals Council issued the notice.

Plaintiff ignores the last portion of § 405(g), which requires an individual to file a civil action within sixty days of the mailing of the notice "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added). The emphasized text clearly indicates congressional intent to provide the agency with discretion in determining the appropriate limitations period. Id.; see also 42 U.S.C. § 405(a) (providing Defendant the "full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions"). The Court therefore gives the Social Security Administration substantial deference and upholds its construction of the statute unless the construction is arbitrary, capricious, or manifestly contrary to the statute. Friends of Boundary Waters Wilderness v. Dombeck, 164 F.3d 1115, 1121 (8th Cir. 1999) (citations omitted).

The regulations establishing the period in which to commence a civil action are reasonable and consistent with the plain language of § 405(g). Consequently, several courts have relied on the regulations to calculate the filing period deadline as five days from the date on the notice. See, e.g., Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 436-37 (6th Cir. 2007); Paige v. Barnhart, No. A4-04-117, 2005 WL 1079526, at *1 (D. N.D. May 4, 2005); Davila v. Barnhart, No. 01-194, 2002 WL 484678, at *1-*2 (S.D.N.Y. Apr. 1, 2002). Moreover, it is noteworthy that the regulations are more generous than § 405(g), as they generally provide individuals more time than provided under the mailing rule. Bess, 337 F.3d at 990.

In the present case, Plaintiff does not contend that he received the notice after the five-day grace period.  He also does not claim there were any extenuating circumstances that prevented him from filing a civil action within the thirty-day extension period. Furthermore, the two extensions provided him ample time to file a timely action.  The Chief Magistrate Judge correctly concluded that this action is time barred.

**CONCLUSION**

A <u>de novo</u> review of the record shows that the Chief Magistrate Judge correctly determined that the Complaint was filed untimely.  Accordingly, **IT IS HEREBY ORDERED** that:

1.   The Complaint and Amended Complaint (Docket Nos. 1 and 4) are **DISMISSED with prejudice**;

2.   Defendant's Motion to Dismiss (Docket No. 7) is **GRANTED**;

3.   The Court **ADOPTS** the R&R (Docket No. 19); and

4.   Plaintiff's Objections to the R&R (Docket No. 21) are **OVERRULED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 24, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge